UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| VICTOR WHITTIER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:24-cv-00129-NCC |
| | ) |
| BILL STANGE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner Victor Whittier's response to the July 12, 2024 order to show cause. ECF No. 8. The Court had ordered petitioner to show cause as to why his 28 U.S.C. § 2254 petition for writ of habeas corpus should not be dismissed as time-barred. ECF No. 5. Having carefully reviewed petitioner's response, and for the reasons discussed below, the Court must dismiss this action as time-barred pursuant to 28 U.S.C. § 2244.

**Background**

Petitioner is a self-represented litigant who is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. On September 19, 2018, a jury convicted petitioner of murder in the first degree. *State of Missouri v. Whittier*, No. 1722-CR03467-01 (22nd Jud. Cir., City of St. Louis).[1] On November 16, 2018, petitioner was sentenced to life imprisonment without the possibility of parole. On November 19, 2018, petitioner filed a direct appeal. The Missouri Court of Appeals for the Eastern District affirmed the judgment of the circuit court on October 1,

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

2019. *State v. Whittier*, 591 S.W.3d 19 (Mo. App. E.D. 2019). Petitioner filed a motion for a rehearing and/or transfer to the Missouri Supreme Court, which was denied on November 4, 2019.

On May 6, 2020, petitioner filed a timely amended motion to vacate, set aside, or correct the judgment or sentence pursuant to Missouri Supreme Court Rule 29.15.[2] *Whittier v. State of Missouri*, No. 1822-CC11739 (22nd Jud. Cir., City of St. Louis). The circuit court denied the amended motion on March 2, 2022. Petitioner filed a notice of appeal on April 11, 2022. The Missouri Court of Appeals for the Eastern District affirmed the judgment of the circuit court on April 25, 2023. *Whittier v. State*, 665 S.W.3d 421 (Mo. App. E.D. 2023). The mandate was issued on May 18, 2023.

Petitioner filed the instant action on June 11, 2024 by mailing his petition at the prison.[3] ECF No. 1-1. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (stating that "a pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"). On July 12, 2024, the Court issued an order to show cause why petitioner's petition should not be dismissed as barred by the one-year statute of limitations provided by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") as his petition appeared to be untimely by 25 days. ECF No. 5.

---

[2] Petitioner, proceeding *pro se*, prematurely filed his Rule 29.15 motion on November 28, 2018. Petitioner was appointed counsel on January 17, 2019. Counsel was granted a thirty-day extension for the filing of an amended motion. Because the mandate in petitioner's direct appeal was issued on February 6, 2020, his counsel timely filed the amended Rule 29.15 motion on May 6, 2020.

[3] The postmarked date on the envelope containing the petition is June 11, 2024. The section of the form petition to declare under the penalty of perjury the month, date, and year that he placed his petition in the prison mailing system is left blank.

### Petitioner's Response

After a *sua sponte* extension, petitioner filed a one-page response on September 9, 2024. ECF No. 8. He does not contest that his petition was untimely. Rather, petitioner argues he should be excused for his late filing "due to third party intervention." He indicates the Warden "wouldn't approve [his] account balance history for months" and "was refused by SECC staff to retrieve [his] legal paperwork (habeas corpus) from [his] property for a month; until after [his] deadline." Due to these circumstances, petitioner states he "went on a hunger strike and wrote the courts (at which time [he] was encouraged to file a 1983)."

### Discussion

Under the AEDPA, Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For a prisoner, such as petitioner, who files a motion for transfer to the Missouri Supreme Court, but does not file a petition for writ of certiorari to the United States Supreme Court, the one-year limitations period begins running when the time for seeking certiorari expires, which is ninety days after the motion is denied. *Id. See also Pierson v. Dormire*, 484 F.3d 486, 495 (8th Cir. 2007) (stating that if petitioner "had filed a motion to transfer to the Missouri Supreme Court there is no question he would have been entitled to the expiration of the time

allotted for filing a petition for a writ of certiorari to the United States Supreme Court"). Furthermore, the AEDPA's statute of limitations tolls while state postconviction proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005).

In this case, the Missouri Court of Appeals affirmed petitioner's conviction and sentence on direct appeal on October 1, 2019. He filed a motion for rehearing and/or transfer, which was denied on November 4, 2019. Because petitioner had ninety days in which to file a petition for writ of certiorari to the United States Supreme Court, the statute of limitations would not commence until the expiration of that period. Before that period ended, however, petitioner had already filed a motion for postconviction relief pursuant to Mo. S. Ct. R. 29.15. The filing of a postconviction action further tolled the statute of limitations. To this point, it appears none of petitioner's one-year limitations period had expired.

Petitioner's amended Rule 29.15 motion was denied on March 2, 2022. He filed an appeal, which was dismissed by the Missouri Court of Appeals on April 25, 2023. The mandate was issued on May 18, 2023. Under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely). Accordingly, petitioner's statute of limitations began running on May 18, 2023, upon issuance of the mandate.

Petitioner did not file the instant petition until June 11, 2024, 390 days after the mandate was issued. Thus, the instant petition appears to be untimely by approximately 25 days after the expiration of the limitations period. Therefore, his petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1).

4

The statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). A petitioner seeking application of equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Keller v. Pringle*, 867 F.3d 1072, 1075-76 (8th Cir. 2017). The burden is on the petitioner to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The use of equitable procedures to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

As to the first prong, the diligence that is required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018). With regard to the second prong, there must be an extraordinary circumstance that is beyond the prisoner's control and which rises above "a garden variety claim of excusable neglect." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). This extraordinary circumstance must have made it impossible for the prisoner to file a petition in time. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Furthermore, the extraordinary circumstance must be external to the petitioner and not attributable to his actions. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012). Equitable tolling provides otherwise time-barred petitioners with "an exceedingly narrow window of relief." *Jihad*, 267 F.3d at 805.

In response to the Court's order to show cause, petitioner asserts his untimeliness should be excused because the institution would not provide him with an inmate account statement and

5

he was refused his "legal paperwork." ECF No. 8. Petitioner states he was able to write "the courts" about these alleged issues and was "encouraged to file a 1983."

Petitioner is not entitled to equitable tolling based on the reasons he provided. First, petitioner did not need to wait until he received a certified inmate account statement to submit his habeas corpus filing. The petition would have been accepted despite the lack of a certified inmate account statement to support his motion to proceed in forma pauperis. *See Garrett v. Clarke*, 147 F.3d 745, 746 (8th Cir. 1998) (holding that because a prisoner "presented his complaint to the District Court clerk for filing before the statute of limitations ran," it was timely, even though he did not present his account statement at that time). Although petitioner may argue he did not know his petition would have been accepted by the Clerk of Court and considered timely if he filed it without a certified inmate account statement, "procedural ignorance" is not an excuse for inattention when a statute's clear policy calls for promptness. *See Johnson v. United States*, 544 U.S. 295, 311 (2005).

Second, petitioner's statement that "SECC staff" refused "to retrieve [his] legal paperwork (habeas corpus) from [his] property for a month; until after [his] deadline" does not exhibit diligence on his part. Plaintiff had one year from May 18, 2023 to file his petition. The fact that the institution allegedly withheld his paperwork for one month prior to the deadline does not justify equitable tolling. The tolling doctrine applies where "extraordinary circumstances beyond a prisoner's control prevent timely filing" and "the prisoner has demonstrated diligence in pursuing the matter." *United States v. Martin*, 408 F.3d 1089, 1093-1095 (8th Cir. 2005). Here, petitioner has not shown any extraordinary circumstances that prevented him from filing his petition in the eleven months that preceded the alleged one-month barrier.

Further, petitioner states he was able to "wr[i]te the courts" to complain about the SECC's behavior. *See* ECF No. 8. If petitioner had the ability to write a letter to the Court, he could have filed his habeas petition, even if it was handwritten on notebook paper. *Compare to Higgins v. United States*, 2020 WL 587690, *5 (no equitable tolling when petitioner alleged he did not have access to his "legal papers and property" for seven months; there was "no showing that these papers were necessary for movant to file his motion" and he provided "no explanation as to why [he] did not attempt to file anything whatsoever"). *See also Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it is plainly apparent that petitioner's case is time-barred, as his petition was filed after the one-year statute of limitations expired. Moreover, his response to the Court's show cause order does not establish that equitable tolling is applicable to his case. Therefore, the Court must dismiss his petition pursuant to 28 U.S.C. § 2244.

Finally, because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); and *Slack v. McDaniel*, 529 U.S. 473, 483-95 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DENIED AND DISMISSED AS TIME-BARRED**. *See* Rule 4 of the Rules Governing § 2254 Proceedings; 28 U.S.C. § 2244(d)(1)(A). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability in this action.

Dated this 17th day of September, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE